# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| VICKIE LITTS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:15-cv-00133 |
| ) | |
| SUMNER REGIONAL MEDICAL ) | Senior Judge William J. Haynes, Jr. |
| CENTER, LLC, ) | Magistrate Judge John S. Bryant |
| ) | |
| Defendant. ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant Sumner Regional Medical Center, LLC ("the Hospital") answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint must be dismissed because every employment action taken by the Hospital with respect to Plaintiff was justifiable, was for good and just cause, was within the legitimate exercise of management discretion and business necessity, was for legitimate non-discriminatory and non-retaliatory business reasons, and was not willful, wanton, malicious or done in a reckless or knowing manner.

### THIRD DEFENSE

The Complaint must be dismissed to the extent that Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, unclean hands, or laches.

## FOURTH DEFENSE

Without admitting that Plaintiff suffered any damages, the Complaint must be dismissed to the extent it seeks damages that Plaintiff failed to mitigate or otherwise caused.

## FIFTH DEFENSE

Plaintiff's alleged damages must be reduced, in whole or in part, to the extent that the Hospital discovers after-acquired evidence of wrongdoing by Plaintiff for which she would have been terminated.

## SIXTH DEFENSE

Any claim for compensatory or punitive damages must be dismissed because Plaintiff has failed to plead facts or law sufficient to support the availability of such damages.

## SEVENTH DEFENSE

Any claim for equitable relief must be dismissed because Plaintiff has failed to plead facts to support the availability of such relief.

## EIGHTH DEFENSE

Any and all damages alleged by Plaintiff must be reduced or offset, in whole or in part, by the amount of income she has earned or with reasonable effort could have earned since her separation from the Hospital.

## NINTH DEFENSE

At the time of her termination, Plaintiff was not a qualified individual with a disability as defined by the ADA or the TDA.

## TENTH DEFENSE

The Hospital responds to the individually numbered paragraphs of the Complaint as follows:

1. The Hospital is without knowledge or information sufficient to admit or deny the allegations of Paragraph 1 and therefore denies the same.

2. The Hospital admits the allegations of Paragraph 2 except that its principal office is located at 330 Seven Springs Way, Brentwood, TN 37027.

3. The Hospital admits that venue is proper and denies that Plaintiff is entitled to relief under any asserted legal theory.

4. The Hospital admits that the Court has jurisdiction over Plaintiff's claims and denies that Plaintiff is entitled to relief under any asserted legal theory.

5. The Hospital admits that this Court may exercise supplemental jurisdiction over Plaintiff's state law claims and denies that Plaintiff is entitled to relief under any asserted legal theory.

6. The Hospital admits it hired Plaintiff on April 2, 2001 as a Registered Nurse and denies the remaining allegations of Paragraph 6.

7. Upon information and belief the Hospital admits the allegations of Paragraph 7.

8. The Hospital admits that Plaintiff reported to the Hospital on April 16, 2014 and clocked in for the purpose of attending a skills fair, admits that afterwards she went to the Inpatient Rehabilitation Unit, even though she was not scheduled to work, and exhibited unusual behavior, admits that her co-workers encouraged her to go to the Emergency Room, admits that Plaintiff went to the Emergency Room, and is without knowledge or information sufficient to form a belief concerning the remaining allegations of Paragraph 8 and therefore denies the same.

9. The Hospital denies the allegations of Paragraph 9.

10. The Hospital admits upon information and belief that Plaintiff was admitted to the Emergency Room on April 16, 2014 and is without knowledge or information sufficient to form a belief concerning the remaining allegations of Paragraph 10 and therefore denies the same.

11. The Hospital is without knowledge or information sufficient to form a belief concerning the allegations of Paragraph 11 and therefore denies the same.

12. The Hospital denies the allegations of Paragraph 12.

13. The Hospital admits that it removed Plaintiff from the work schedule pending the results of her drug test, which it required her to take because it had a reasonable suspicion that she was under the influence of drugs and/or alcohol on April 16, 2014 in violation of its Drug and Alcohol Free Workplace policy and denies the remaining allegations of Paragraph 13.

14. The Hospital denies the allegations of Paragraph 14.

15. The Hospital admits the allegations of Paragraph 15 and denies any suggestion that Plaintiff sustained a work-related injury on April 16, 2014.

16. The Hospital admits that Plaintiff claimed she had been injured at work on May 24, 2011 due to an alleged incident with a combative patient, admits Plaintiff was released with no restrictions on July 1, 2011, admits Plaintiff's workers' compensation claim was denied because the alleged injury was not work related, and denies the remaining allegations of Paragraph 16 to the extent they are inconsistent with the foregoing.

17. The Hospital admits upon information and belief that she was discharged from the Emergency Room on April 16, 2014 and is without knowledge or information sufficient to form a belief concerning the remaining allegations of Paragraph 17 and therefore denies the same.

18. The Hospital is without knowledge or information sufficient to form a belief concerning the allegations of Paragraph 18 and therefore denies the same.

19. The Hospital admits that it required Plaintiff to submit to a drug test on April 16, 2014 because it had a reasonable suspicion that she was under the influence of drugs and/or alcohol in violation of its Drug and Alcohol Free Workplace policy, admits that it ordered a second drug test on April 17, 2014 because it believed that one had not been completed the day prior, and denies the remaining allegations of Paragraph 19.

20. The Hospital admits the allegations of Paragraph 20.

21. The Hospital admits that Dr. Aukerman, an independent Medical Review Officer, contacted Plaintiff on April 21, 2014 to discuss her two confirmed positive test results for barbiturates, admits that Plaintiff denied using barbiturates, and denies that Plaintiff was able to provide proof of a valid prescription for barbiturates.

22. The Hospital admits that after many unsuccessful attempts to contact Plaintiff to notify her of her termination, Brenda Sanders went to Plaintiff's home on or about April 22, 2014 to secure Plaintiff's Hospital identification badge and agreed to return Plaintiff's personal belongings to her.

23. The Hospital denies the allegations of Paragraph 23.

24. The Hospital denies the allegations of Paragraph 24.

25. The allegations of Paragraph 25 are legal conclusions that do not lend themselves to a response. To the extent a response is required, denied.

26. The Hospital denies the allegations of Paragraph 26.

27. The Hospital denies the allegations of Paragraph 27.

28. The Hospital admits that it replaced Plaintiff with a younger individual, denies that Plaintiff's age factored into the decision to terminate her employment, and denies the remaining allegations of Paragraph 28 to the extent they call for a legal conclusion.

29. The Hospital denies the allegations of Paragraph 29.

30. The Hospital admits the allegations of Paragraph 30.

31. The Hospital admits the allegations of Paragraph 31.

32. The Hospital incorporates its responses and denials herein.

33. The Hospital denies the allegations of Paragraph 33.

34. The allegations of Paragraph 34 are legal conclusions that do not lend themselves to a response. To the extent a response is required, denied

35. The Hospital denies the allegations of Paragraph 35.

36. The Hospital incorporates its responses and denials herein.

37. The Hospital denies the allegations of Paragraph 37.

38. The Hospital admits that it replaced Plaintiff with a younger individual, denies that Plaintiff's age factored into the decision to terminate her employment, and denies the remaining allegations of Paragraph 38 to the extent they call for a legal conclusion.

39. The Hospital denies the allegations of Paragraph 39.

40. The Hospital denies the allegations of Paragraph 40.

41. The Hospital incorporates its responses and denials herein.

42. The Hospital denies the allegations of Paragraph 42.

43. The Hospital denies the allegations of Paragraph 43.

44. The Hospital denies the allegations of Paragraph 44.

45. The Hospital denies the allegations of Paragraph 45.

46. The Hospital incorporates its responses and denials herein.

47. The Hospital admits the allegations of Paragraph 47.

48. The Hospital denies the allegations of Paragraph 48.

49. The Hospital admits that it replaced Plaintiff with a younger individual, denies that Plaintiff's age factored into the decision to terminate her employment, and denies the remaining allegations of Paragraph 49 to the extent they call for a legal conclusion.

50. The Hospital denies the allegations of Paragraph 50.

51. The Hospital denies the allegations of Paragraph 51.

52. The Hospital incorporates its responses and denials herein.

53. The Hospital admits the allegations of Paragraph 53.

54. The Hospital denies the allegations of Paragraph 54.

55. The Hospital denies the allegations of Paragraph 55.

56. The Hospital denies all allegations not admitted or denied herein.

57. The Hospital denies that Plaintiff is entitled to relief under any asserted legal theory.

WHEREFORE, the Hospital prays that the Complaint be dismissed with prejudice, that it be awarded its costs and expenses in the amount and manner permitted by applicable law, and that the Court award such other relief as is just and proper.

/s/ K. Coe Heard
Mark W. Peters, BPR #018422
K. Coe Heard, BPR #029338
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380 (phone)
(615) 244-6804 (facsimile)
mark.peters@wallerlaw.com
coe.heard@wallerlaw.com

*Attorneys for Defendant Sumner Regional Medical Center, LLC*

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing documents has been served via the Court's electronic filing system upon:

Andy L. Allman, Esq.
Andy L. Allman & Associates
131 Saundersville Road
Suite 110
Hendersonville, TN 37075

*Attorney for Plaintiff*

On this the 8th day of July, 2015.

                                          /s/ K. Coe Heard